UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

Anthony C. Martin,

    Plaintiff,

    v.

Fort Wayne Police Department, Officer McEachern, Sergeant Shank, Officer Hatfield, Sergeant Rich, Unknown Officer, Unknown Desk Clerk of the F.W.P.D., The City of Fort Wayne, Mayor Tom Henry, and Chief of Police Russell York,

    Defendants.

Case No. 1:11-CV-346-JVB-RBC

## OPINION AND ORDER

In this § 1983 lawsuit, Plaintiff Anthony Martin complains about a February 16, 2011, traffic stop and his later visit to the police station. He claims the officers wrongfully searched his person and car; used excessive force; failed to intervene; behaved vindictively; and harassed, retaliated, and defamed him. Plaintiff alleges this caused mental stress and anguish. He asserts that Defendants violated his Fourth and Fourteenth Amendment rights, as well as his state law rights.

After discovery closed, Defendants Officer Michael McEachern, Sergeant John Shank, Officer James Hatfield, Sergeant Rich, the City of Fort Wayne, the Fort Wayne Police Department, Mayor Tom Henry, and Police Chief Russell York moved for Summary Judgment on all of Plaintiff's claims. Upon review, the Court grants the motion as detailed below.

**A. Defendants Provided Plaintiff with Sufficient Notice**

Plaintiff claims Defendants have not served him with the Motion for Summary Judgment. (Pl's. Notice to the Court, DE 117.) If so, a ruling on Defendants' motion would have to wait until Plaintiff is properly served. "[A] district court cannot properly act on a motion for summary judgment without giving the opposing party a reasonable opportunity to submit affidavits that contradict the affidavits submitted in support of the motion." *Lewis v. Faulkner*, 689 F.2d 100, 101 (7th Cir. 1982). A reasonable opportunity requires notice, and mere time is not enough, if knowledge of the consequences of not making use of it is wanting. *Id.* The notice must include a short and plain statement of the need to respond, giving both the text of Rule 56(e) and an explanation of the rule in plain English. *Id.* at 102; *see also* N.D. Ind. L.R. 56-1(f).

Here Defendants sent both the Motion for Summary Judgment and notice to Plaintiff at his stated address via certified mail, and Plaintiff's mother signed the receipt form. (Defs.' Response to Pl's. Notice to the Court, DE 118-1 at 2; DE 118 at 2.) The motion quoted Rule 56, explained the rule in plain English, and provided the consequences of inaction. (Defs.' Notice of Filing Mot. Summ. J., DE 116.) This notice included all the requirements necessary when filing against a *pro se* plaintiff. Therefore, the Court rejects Plaintiff's lack of notice argument.

**B. Summary Judgment Standard**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

## C. Summary of Events

In his Amended Complaint, Plaintiff alleged the Defendants committed several violations of federal and Indiana state law, but he never responded to Defendants' Motion for Summary Judgment or provided any evidence to support the allegations in the complaint. When a party

fails to properly address another party's facts, the court may consider those facts undisputed. Fed. R. Civ. P. 56(e)(2). Unlike Plaintiff, Defendants submitted their facts and supported them with evidence. Because Plaintiff did not challenge these facts, the Court considers them admitted.

**(1)** *Plaintiff's Traffic Stop and Search*

On February 16, 2011, Officer McEachern was on duty as a Fort Wayne police officer. (McEachern Aff., DE-114-1 at 1.) Officer McEachern was in police uniform and driving a marked police car. (*Id.*) While Officer McEachern was driving south on Clinton Street and approaching the Masterson Avenue intersection, a green Chevrolet Blazer, license plate 747EUB, turned southbound onto Clinton Street from eastbound Masterson Avenue. (*Id.*)

After turning, the driver of the green Chevrolet Blazer, later identified as Plaintiff, changed lanes from the far right lane to the far left lane without signaling, violating Indiana law. (*Id.* at 2.) Plaintiff then signaled and turned left onto Dewald Street. (*Id.*) Officer McEachern stopped him at Dewald and Clinton Streets. (*Id.*)

Plaintiff became agitated and immediately demanded that a sergeant arrive. (*Id.*) Officer McEachern informed Plaintiff that he was stopped for failing to signal his lane changes. (*Id.*) He asked for Plaintiff's driver's license, vehicle registration, and proof of insurance. (*Id.*) Plaintiff provided his driver's license and the vehicle registration. (*Id.*) Officer McEachern again asked Plaintiff for his proof of insurance, but Plaintiff was unable to provide it. (*Id.*) Officer McEachern also identified the front seat passenger, Natasha King. (*Id.*)

After returning to his squad car, Officer McEachern asked Officer Derrick Demorest, who had later arrived at the scene, to request a sergeant. (*Id.*) Sergeant James Ritchie responded to the request and arrived at the scene. (*Id.*)

Officer McEachern ran Plaintiff's name through the Spillman database. (*Id.* at 3.) The database showed Plaintiff was a known resistor and convicted felon and previously armed. (*Id.*)

After Officer McEachern completed the citations, Sergeant Ritchie and Officer McEachern approached Plaintiff's car. (*Id.*) Officer McEachern issued Plaintiff citations for failing to signal a lane change and provide proof of insurance. (*Id.*) While Officer McEachern explained the citations, Plaintiff started yelling, interrupting the officer. (*Id.*) Plaintiff told Sergeant Ritchie that Officer McEachern informed Plaintiff that he was stopped for speeding. (*Id.*) Plaintiff proceeded to argue the citations. (*Id.*) Officer McEachern told Plaintiff the date by which he needed to handle the citations and allowed him to leave. (*Id.*) At no time did Plaintiff exit his car at the traffic stop. (*Id.*)

At no time did Officer McEachern or any Fort Wayne police officer search Plaintiff or his car. (*Id.*) No one handcuffed Plaintiff at the stop or touched him at the traffic stop. (*Id.*)

**(2)** *Indiana Criminal Proceedings*

About two weeks later, the State of Indiana charged Plaintiff with failure to signal for a turn or a lane change and operating a motor vehicle without financial responsibility. (C.C.S. 02D05-1103-IF-001979, DE 114-3 at 1.) Plaintiff failed to appear for the bench trial, (*id.*), but on August 10, 2011, Martin appeared and admitted violating these two laws. (*Id.* at 2.) After the judge entered the admissions, Plaintiff paid the fines and costs. (*Id.* at 3.)

**(3)** *"Sergeant Rich"*

After Plaintiff named "Sergeant Rich" in his Complaint, the Fort Wayne Police Department attempted to find this named defendant. Sergeant Johnson, sergeant of internal affairs for the Police Department, reviewed a computer program that Police Department uses to monitor and maintain officer personnel information. (Johnson Aff., DE 114-2 at 1.) Sergeant Johnson found that the Police Department did not on February 16, 2011, and currently does not employ an officer named "Sergeant Rich." (*Id.*)

**D. There is no Evidence Supporting Plaintiff's Indiana State Law Claims**

Although Plaintiff alleges a series of claims against the defendants for defamation, negligence, mental anguish and stress, harassment, and retaliation, he provided no evidence to support these claims. Nothing in the facts suggests that any of the defendants or their agents participated in such conduct. Therefore, these state law claims will be dismissed.

**E. Section 1983 Standards**

Under 42 U.S.C. § 1983, Plaintiff alleges in his Amended Complaint violations of his rights guaranteed by the Fourth and Fourteenth Amendments. Section 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterrey v. Del Monte Dunes at Monterrey, Ltd.*, 526 U.S. 687, 749 n.9 (1999). A cause of action may be brought under § 1983 against "[e]very person who, under color of statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the

jurisdiction therefor to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

**F. "Sergeant Rich" and "Unknown Officer and Desk Clerk of the F.W.P.D." will be Dismissed**

**(1)** *The Fort Wayne Police Department did not Employ a "Sergeant Rich"*

Although Plaintiff named "Sergeant Rich" as a defendant, the Fort Wayne Police Department did not on the dates alleged nor does it currently employ an officer with this name. Because no such officer within the Police Department existed or currently exists, this defendant will be dismissed.

**(2)** *The Statute of Limitations Expired on "Unknown Officer" and "Unknown Desk Clerk of the F.W.P.D."*

The Plaintiff also listed "unknown officer" and an "unknown desk clerk of the F.W.P.D." as defendants. It is pointless to include lists of anonymous defendants in federal court because this type of placeholder does not open the door to relation back under Federal Rule of Civil Procedure 15(c), nor does this help a plaintiff in any way. *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997); Also, constitutional claims must be brought within the state's two-year statute of limitations. *See King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000) (stating that federal courts adopt state personal injury statute of limitations for § 1983 actions); *see also* Ind. Code § 34-11-2-4 (2013).

Here Plaintiff's claims against the "unknown officer" and "unknown desk clerk of the F.W.P.D." are meaningless because the actual officers referred to cannot possibly know they were being sued. Further, the statute of limitations against these officers and the desk clerk ran

7

on February 16, 2013, without Plaintiff suing them by name. As such, the Court will dismiss Plaintiff's claims against the unknown parties.

## G. No Facts to support Claims against Sergeant Shank and Officer Hatfield

Plaintiff also sued Sergeant Shank and Officer Hatfield. Nothing in evidence even mentions anything about Sergeant Shank or Officer Hatfield. Therefore, the Court will grant summary judgment in their favor.

## H. Plaintiff's Claims against Fort Wayne Police Chief Russell York and Mayor Tom Henry Fail

Plaintiff sued both Fort Wayne's mayor and police chief for the officers' alleged conduct. Individual liability under § 1983 must be based on a finding that the defendant caused the alleged constitutional deprivation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). The plaintiff must demonstrate that the defendant personally participated in or directly caused the deprivation of his rights. *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). The doctrine of *respondeat superior* cannot be used under § 1983 to create liability for supervisors due to the misconduct of subordinates. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Instead, the plaintiff must demonstrate that the defendant was personally responsible by "act[ing] or fail[ing] to act with a deliberate or reckless disregard of plaintiff's constitutional rights," or that "the conduct causing the constitutional deprivation occur[red] at [the defendant's] direction or with [the defendant's] knowledge or consent." *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982).

No facts show that Police Chief York or Mayor Henry were personally involved in any conduct which violated § 1983. In fact, they neither knew about nor participated in Plaintiff's

traffic stop. There can be no personal or supervisory liability for them under § 1983, so the Court grants their summary judgment motion.

**I. The Fort Wayne Police Department cannot be Sued Separately from the Municipality**

Plaintiff also sued the Fort Wayne Police Department separately from the City of Fort Wayne. Municipalities may be subject to suit for constitutional violations under § 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Under Indiana law, a "municipal corporation" is a "unit, . . . or other separate local governmental entity that may sue and be sued." Ind. Code § 36-1-2-10 (2013). A "municipality" is a "city or town," and "'unit' means county, municipality, or township." Ind. Code § 36-1-2-11 (2013); Ind. Code § 36-1-2-23 (2013). These statutes say nothing about a police department suing or being sued. Therefore, Indiana municipal police departments lack the capacity to sue or be sued.[1]

For these reasons, the Court finds, under Indiana law, that the Fort Wayne Police Department has no separate legal existence apart from the City of Fort Wayne and is not a suable entity under § 1983. Accordingly, the Court will grant summary judgment in favor of the Police Department.

**J. The City of Fort Wayne is not Liable under Section 1983**

Plaintiff claims the City of Fort Wayne is liable for the officers' alleged conduct. A municipality can be held liable under § 1983 but only for an unconstitutional official policy or custom or failure to train its employees. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594–95 (7th Cir. 2003); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–89 (1989) (holding that

---

[1] This finding is consistent with Seventh Circuit precedent on the issue. *See Best v. City of Portland*, 554 F.3d 698 n.* (7th Cir. 2009) (citing *West v. Waymire*, 114 F.3d 646, 646–47 (7th Cir.1997)) (refusing to allow the police department be sued separately from the city).

9

inadequacy of police training may serve as a basis of municipal liability when it evidences "deliberate indifference").

Here, there is no evidence of an unconstitutional official policy or custom. Nor is there any evidence showing the city failed to properly train its officers to deal with situations such as this. Further, there is no officer liability in this case. Thus, the city cannot be held liable under § 1983, and the Court grants summary judgment in its favor.

**K. Officer McEachern did not Violate the Plaintiff's Fourth or Fourteenth Amendment Rights**

**(1)** *No Unreasonable Seizure*

Plaintiff claims that Officer McEachern unreasonably seized him and his car.

It is "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. This right protects citizens from state violations through the Fourteenth Amendment's Due Process Clause. *See Hudson v. Michigan*, 547 U.S. 586, 606–08 (2006) (applying Fourth Amendment protections against state actors). However, this guarantee does not prohibit all searches and seizures; only those that are unreasonable. *United States v. Lewis*, 910 F.2d 1367, 1370 (7th Cir. 1990). Detaining a car for a traffic violation is a permissible intrusion if the stop is based on a reasonable suspicion. *Id.*

Here, Officer McEachern stopped Plaintiff after he observed Plaintiff change lanes without signaling. Indiana Code 9-21-8-25 requires that "[a] signal of intention to turn right or left shall be given continuously . . . before . . . changing lanes." Officer McEachern actually observed this statutory violation, so he had probable cause to stop Plaintiff's car to issue a ticket. Therefore, Plaintiff's unreasonable seizure claim fails as a matter of law.

**(2)** *No Unreasonable Search*

Plaintiff also alleges in his Amended Complaint that Officer McEachern unreasonably searched him and his car. After requesting the Plaintiff's driver's license, proof of insurance, and vehicle registration, as well as his passenger's driver's license, Officer McEachern issued a traffic citation and allowed Plaintiff and his passenger to leave. No officer searched Plaintiff's person or car, let alone did so unreasonably.

**(3)** *No Excessive Force*

Further, Plaintiff claims that Officer McEachern used excessive force against him.

"Force" is "[p]ower, violence, or pressure directed against a person or thing." *Black's Law Dictionary* 673 (8th ed. 2004). "Excessive force" is "unreasonable or unnecessary force under the circumstances." *Id.* If an officer does not touch the plaintiff, there can be no excessive force claim. *See, e.g.*, *Lombardi v. Range*, No. 01 C 6444, 2003 WL 21800071 (N.D. Ill. July 23, 2003) (dismissing excessive force claim against two officers because they did not touch the plaintiff).

At no time did Plaintiff step out of the car, and at no time did the officers touch or handcuff him. No officer used any physical force against Plaintiff, let alone excessive force.

**L. No Officer Failed to Intervene.**

Plaintiff alleges in his Amended Complaint that an officer failed to intervene during the alleged constitutional violations.

A police officer may not "fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge." *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972).

This responsibility applies equally to supervisory and nonsupervisory officers. *Id.* An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used; (2) that a citizen has been unjustifiably arrested; or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Because no officer used excessive force, arrested Plaintiff, or committed any other constitutional violation, no officer had a duty to intervene.

**M. Conclusion**

Federal Rule of Civil Procedure 56 requires a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." There is no genuine dispute of material facts because Plaintiff accepted Defendants' facts as true by not responding with alternative evidence. According to the evidence presented, the Defendants did not violate any of Plaintiff's federal or Indiana state rights. Therefore, the Court GRANTS Defendants' Motion for Summary Judgment (DE 114) on all of Plaintiff's claims. The Clerk is directed to enter summary judgment for all defendants.

SO ORDERED on March 5, 2014.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge